### CITY OF NEW ORLEANS v. WM. CRAPPEL.

The fact that the taxing power is a party to the contract of lease, does not impair the right to tax the business pursued, by virtue of that contract. The corporation, in each capacity, is acting for the public advantage.

APPEAL from the Third Justice's Court, Parish of Orleans. *C. E. Schmidt*, for appellant. *T. H. Hewes*, for appellee.

HOWELL, J. The defendant has appealed from a judgment condemning him to pay a license for the year 1865, as lessee of the Magazine Market. He calls in question the legality and constitutionality of the tax, averring that the statute authorizing and the ordinance imposing it are in conflict with Articles 109 and 124, of the State Constitution, and section 10, Article 1 of the Constitution of the United States.

It is contended that, as the ordinance was passed after the date of the contract with the city, by which he became the lessee of the market, it alters the conditions thereof, and it is retroactive in its operation.

The fact that the taxing power is a party to the contract of lease, does not impair the right to tax the business pursued, by virtue of that contract. The corporation, in each capacity, is acting for the public advantage.

The act of the Legislature gives the corporation the authority to impose a license tax annually on every trade, profession, calling, or *other business*, including that of the defendant; and when he entered into the contract he knew that such right or authority existed, and he must be considered as having made it with reference thereto, and in law it was an implied condition of the contract; and, besides, it is shown that this right had been previously exercised.

His contract was for the year 1865, and the sum demanded of him was laid or fix⌐d prior to the first day of that year. The ordinance is therefore not retroactive.

We think the statute and ordinance, as applied to the business of the defendant, not in conflict with the constitution or existing laws.

Judgment affirmed, with costs.